YETTA SOLOMON, Respondent, *v.* COMMONWEALTH ASSOCIATES, INC., Appellant.

Supreme Court, Appellate Term, First Department, December 22, 1927.

**Vendor and purchaser — evidence — action to recover installment payments made by plaintiff upon purchase of real estate on ground payments were induced by false representations made by defendant's agent — exclusion of prospectus tending to contradict plaintiff's claim, error.**

In this action to recover installment payments made by plaintiff upon the purchase of real estate, the ground of plaintiff's rescission being that false representations

had been made by defendant's agent at the time of the sale, it was error to exclude a prospectus which defendant claims was shown to plaintiff at the time of the sale showing that, contrary to plaintiff's claim, no railroad station was to be placed on the plot adjacent to the lots purchased by plaintiff. The evidence was competent and material as bearing on the question whether plaintiff relied upon the alleged statements of the agent, and upon the credibility of said agent.

APPEAL by defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, in favor of plaintiff, entered upon the verdict of a jury.

*Abraham Shabshelowitz* [*Falk & Orleans, Ilo Orleans* of counsel], for the appellant.

*Isaac Schmal,* for the respondent.

PER CURIAM. This action is brought to recover installment payments made upon the purchase of some lots on Staten Island, the ground of plaintiff's rescission being that false representations had been made by defendant's agent at the time of the sale. These representations were to the effect that a certain plot on the map shown to plaintiff had been sold to the railroad company for the purpose of the erection of a station thereon; that plaintiff purchased lots adjacent and that the representations were wholly false.

Plaintiff's chief witness was the salesman, a former employee of defendant. After defendant had offered evidence to the effect that at the time of the sale a prospectus of defendant had been shown to plaintiff or her agent and had been carefully examined, the prospectus itself was offered in evidence but excluded. It is sought to justify this exclusion on the plea that it was a self-serving declaration and unimportant in any event. The prospectus includes a large overhead view of the property and vicinity and indicates in plain type three railroad stations in proximity to the property, but no notation whatsoever in respect of the plot alleged to have been represented as the new railroad station, and on the whole might be fairly interpreted by the jury as indicating that no such station was to be placed there.

It seems to be too plain for argument that this evidence was competent and material both as bearing on the question whether plaintiff relied on the alleged statements of the agent or not, and upon the credibility of the agent, who admitted that he had seen the prospectus, indeed copies of this document were concededly freely distributed among all the agents of the company for the use of their customers. It is clear that the exclusion of this prospectus was prejudicial to the defendant's case, and the prejudice is accentuated by the fact that a number of questions along the

same line addressed by defendant's counsel to the former salesman witness, were excluded, and thus the attempts of defendant's counsel to further assail the witness' credibility were prejudicially hampered.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.